UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VALDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT,<br><br>    Defendant. | No. 2:21-cv-00615-KJM-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action, which is referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

////

## I. ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint names the San Joaquin County Superior Court of California as the sole defendant. Plaintiff indicates the basis for his claims is the United States Constitution, Fifth, and Thirteenth Amendments.

The factual allegations are sparse and not clearly set forth. Plaintiff mentions the date November 3, 1998, as well as "double prosecution" and 22 years' worth of minimum wages. Plaintiff seeks damages.

## II. PLEADING STANDARDS

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. THE COMPLAINT FAILS TO STATE A CLAIM

### A. Eleventh Amendment Immunity

Plaintiff purports to bring claims for damages against the San Joaquin County Superior Court as the sole defendant. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities[.]" Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dep't of Corrections, 554 F.3d 747, 752

(9th Cir. 2009).

The superior court is an agency of the state, and suits against the court itself or its employees in their official capacity for monetary damages are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding a suit against the superior court is a suit against the state and are barred by the Eleventh Amendment); Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003) (suits against a county superior court or its employees are barred by the Eleventh Amendment). Accordingly, plaintiff cannot proceed on any claims against the San Joaquin County Superior Court.

**B. Failure to Comply with Rule 8**

In addition, the complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1). In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Plaintiff's vague allegations do not satisfy the requisite standard. The complaint fails to plead adequate facts to support any cause of action. The court is unable to discern what causes of action plaintiff intends to bring. Accordingly, the complaint must be dismissed. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

**C. Heck Bar**

Plaintiff is additionally cautioned that to any extent he seeks damages for time served in custody as part of a judgment and criminal sentence, he does not have a cognizable claim unless he can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey 512 U.S. 477, 486-87 (1994). Under Heck, when a plaintiff files a section 1983 action,

the court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (concluding that Heck barred the plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him). In short, Heck prevents plaintiff from bringing any claim that would imply the invalidity of his conviction.

### IV. CONCLUSION

The complaint must be dismissed. It appears plaintiff may not be able to state a valid claim for relief premised on "double prosecution" and 22 years' worth of minimum wages. Out of caution, however, the court will grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. In any amended complaint, plaintiff must allege with at least some degree of particularity overt acts which a defendant or defendants engaged in that support plaintiff's claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Finally, although failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

////

1       In accordance with the above, IT IS ORDERED:

2       1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

3       2. Plaintiff's complaint (ECF No. 1) is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 18, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Valdez.21cv615.screen