UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT,<br><br>　　　　　Defendant. | No.  2:21-cv-00615-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 4.) |

Plaintiff proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. See 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

Plaintiff's original complaint, filed on April 5, 2021, named the San Joaquin County Superior Court as the sole defendant. The allegations in the original complaint were vague and unclear but included the phrase "double prosecution" and claimed plaintiff was owed money for 22 years of pay at the minimum wage rate.

On May 19, 2021, the undersigned screened plaintiff's original complaint and found it did not state a valid claim for relief. (ECF No. 3.) Plaintiff was advised he cannot proceed with civil claims against the San Joaquin County Superior Court as a defendant because suits against a

1

county superior court or its employees are barred by the Eleventh Amendment. See <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff was further advised the doctrine of <u>Heck v. Humphrey</u> bars any claim that would imply the invalidity of his prior conviction. 512 U.S. 477 (1994). Out of caution, plaintiff was granted leave to file a first amended complaint. Plaintiff has filed a first amended complaint.

## II. PLEADING STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of a claim or claims that shows the pleader is entitled to relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of a claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

When considering whether a complaint states a claim upon which relief can be granted, the court accepts the factual allegations as true and construes the complaint in the light most favorable to the plaintiff. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

## III. SCREENING THE FIRST AMENDED COMPLAINT

The first amended complaint does not list any defendants. The words "double prosecution" appear in lieu of any named defendants. The first amended complaint states plaintiff is not suing the government. The first amended complaint states plaintiff "is asking for salary wage for being in service as a working citizen within United States of America Judicial System." The first amended complaint cites the Thirteenth Amendment and alleges "no slavery provides a right to a salary." In addition, the first amended complaint states plaintiff seeks a "court order

2

judgment of interest affirmed" and a "money judgment settlement affirmed." (ECF No. 4 at 2.)

The court liberally construes plaintiff's pro se pleading. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam). Liberally construed, the first amended complaint does not state a cause of action and does not appear to include any factual content that could support a valid cause of action with amendment to add additional facts. Plaintiff cannot proceed against the San Joaquin County Superior Court and the first amended complaint fails to name any defendants.

This is not the first civil action filed in this court in which plaintiff Ivan Valdez seeks compensation based on vague or conclusory allegations of double prosecution and/or slavery. For example, in Valdez v. State of California, No. 2:20-cv-1144-JAM-DB-PS, the court dismissed without leave to amend plaintiff's complaint alleging he was arrested in 1998 and subjected to double prosecution. See Id., 2020 WL 6270636, at *2 (E.D. Cal. Oct. 26, 2020) (recommending dismissal without leave to amend because plaintiff had unsuccessfully brought the same "double prosecution" claim previously); see also Valdez v. Superior Ct. of California, No. 2:20-cv-1406-JAM-EFB-PS, 2020 WL 4547183, at *1 (E.D. Cal. Aug. 6, 2020) (recommending dismissal of complaint in which plaintiff alleged he was denied "just compensation" and subjected to "double prosecution"); Valdez v. California Cts., No. 2:19-cv-0174-MCE-DB-PS, 2019 WL 5290875, at *2 (E.D. Cal. Oct. 18, 2019) (finding plaintiff's allegations to be delusional and frivolous in that he alleged "slavery" and being forced "to work. . . in use of defense attorney in front of a Judge California Court system").

The first amended complaint fails to state a cognizable claim and fails to name any defendants and, accordingly, must be dismissed. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory"). Although the Federal Rules of Civil Procedure favor liberal amendment, valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility. California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

3

be freely given, the court does not have to allow futile amendments). Given the defects noted herein, the undersigned finds granting plaintiff further leave to amend in this case would be futile.

In accordance with the above, IT IS RECOMMENDED:

1. Plaintiff's first amended complaint (ECF No. 4) be dismissed without leave to amend for failure to state a cognizable claim for relief; and

2. The Clerk's Office be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Valdez.21cv615.screen.fac